IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKY A. BURLESON, ID # 126095662,     ) | |
|        Plaintiff,     ) | |
| vs.     ) | No. 3:16-CV-2534-B-BH |
|            ) | |
| MEDICAL PROVIDER AT LASALLE     ) | |
| SOUTHWEST CORRECTIONS,     ) | |
|        Defendant.     ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for full case management. Before the Court is the *Motion for temperary [sic] restraining order*, received September 26, 2016 (doc. 14). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the complaint should be **DISMISSED** as frivolous.

**I.  BACKGROUND**

Ricky A. Burleson (Plaintiff) brings this action under 42 U.S.C. § 1983 against the medical provider at LaSalle Southwest Corrections (Defendant), which manages the Johnson County Jail in Cleburne, Texas, where he was previously incarcerated. (*See* doc. 1 at 3;[1] doc. 19 at 2.[2]) He claims that unnamed medical personnel at that facility gave him a tuberculosis (TB) shot against his will even after he had advised them that he had previously tested positive for TB, had been treated for it, and had been instructed not to have a TB shot again but only a chest x-ray, and that the personnel failed to follow up with him after they administered the shot. (doc. 1 at 3; doc. 19 at 10, 15.) According to the response to his grievance, he received a chest x-ray. (doc. 19 at 10, 16.) Medical

---

[1] Citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

personnel also allegedly failed to provide him his prescribed medical diet, which consisted of an additional sack meal with his tray, to prevent weight loss and black outs. (doc. 1 at 3; doc. 19 at 11-14.) Plaintiff claims that the nursing staff has altered medical logs, and that staff has retaliated against him for filing grievances by removing him from his trustee position. (doc. 19 at 16-17.) He concedes that he disagrees with the medical treatment he received, and he seeks compensation for medical malpractice. (doc. 19 at 5, 8.) He also seeks to have charges filed against the medical personnel and monetary damages for violation of his rights. (doc. 1 at 4; doc. 19 at 8.) No process has issued.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129

2

S.Ct. 1937, 1949 (2009). A complaint may also be dismissed as frivolous when a pauper "file[s] successive *in forma pauperis* suits that duplicate claims made in other pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)).

### III. SECTION 1983

Plaintiff brings suit against Defendant under 42 U.S.C. § 1983 for allegedly violating his rights under the Eighth Amendment by providing him inadequate medical care. That section "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a § 1983 claim, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. **Respondeat Superior**

"The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability." *Carter v. LaSalle Southwest Corrections*, No. 3:15-CV-2072, 2015 WL 6442751, at *2 (W.D. La. Sept. 28, 2015). Plaintiffs must allege "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under §

1983 is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986). Section 1983 does not allow a municipality to be held vicariously liable for its employees' actions on a theory of respondeat superior. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 691–95 (1978). Likewise, "a private corporation cannot be deemed vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Carter*, 2015 WL 6442751, at *2.

Here, Plaintiff appears to sue Defendant based on the actions of its medical personnel. He fails to state a claim under the theory of respondeat superior. Even if his complaint is construed as alleging a municipal liability-type claim, however, he has failed to allege a policy or policymaker. As discussed below, he has also failed to sufficiently allege a violation of a constitutional right.

**B.** **Constitutional Violation**

Plaintiff also seeks monetary damages based on the alleged denial of adequate medical care.

The Eighth Amendment to the Constitution requires humane conditions of confinement, which includes the receipt of adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials violate this requirement only when (1) the deprivation is objectively and sufficiently serious such that the act or omission results in the denial of "the minimal civilized measure of life's necessities" and (2) the official had a culpable state of mind. *Id.* at 834 (citations omitted). The objective component requires deprivation of a sufficiently serious medical need "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To satisfy the second component, the officials must be deliberately indifferent "to a substantial risk of serious harm to an inmate." *Farmer*, 511 U.S. at 828. This state of mind

4

requires more than negligence but less than intent to cause harm or knowledge that harm will result from the acts or omissions. *Id.* at 835. An official is deliberately indifferent when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This state of mind "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations and internal quotation marks omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)); *see also Mace v. City of Palestine*, 333 F. 3d 621, 626 (5th Cir. 2003) (the defendant must have the subjective intent to cause harm).

Here, Plaintiff complains that he should not have been given a TB shot after he informed Defendant's staff that he had previously had TB, and that he should have received extra food. Disagreement with a course of medical treatment is insufficient to state a § 1983 claim, however. *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). Neither negligent medical care nor medical malpractice rises to the level of a constitutional violation. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Plaintiff does not allege that Defendant's staff refused to treat him, ignored his medical complaints, or intentionally treated him incorrectly so as to cause harm. *Johnson*, 759 F.2d at 1238; *Mace*, 333 F. 3d at 626. Although he alleges that he was not adequately monitored after the shot, he does not allege that he suffered any reaction or injury or that staff subsequently failed to provide him care for that reaction. His

5

conclusory allegations regarding the TB shot are not sufficient to state a violation of his constitutional rights. *See Brown v. Briscoe*, 998 F.2d 201, 202 (4th Cir.1993) (upholding *sua sponte* dismissal of prisoner's § 1983 claim that a nurse administered a tuberculosis inoculation after he had informed her he that he had already received one, and that it caused him to break out in a rash, where the prisoner did not allege a physical injury, and finding that his allegations "refer to negligence and medical malpractice"); *Joseph v. Nelson Coleman Correctional Center,* No. 09-7562, 2010 WL 5058195, at *7-9 (E.D. La. Nov. 30, 2010) (finding that a prisoner did not sufficiently allege deliberate indifference to serious medical needs by defendants who erroneously gave him a TB shot although he previously had TB because his reaction to the shot (a sore and resulting scar) did not rise to the level of a serious medical need, and he received treatment for that reaction, and that the prisoner's contentions amounted to mere disagreement with his medical treatment or negligence); *Jones v. Prison Health Services, Inc.*, Nos. 3:07-3958-PMD-JRM, 3:07-3961-PMD-JRM, 2008 WL 4908024, at *2-3 (D.S.C. Oct. 23, 2008) (finding that a prisoner failed to show that his constitutional rights were violated because he received a TB shot despite his allegations that the nurse gave him the shot "with the knowledge that [it] could have killed him because he had previously been treated for TB"; he showed no serious medical need relating to the alleged TB shot, he received a chest x-ray that showed no evidence of TB, and his disagreement with the treatment was not sufficient to support a constitutional claim). His conclusory allegations regarding an inadequate diet likewise fail because he has not alleged facts showing a serious medical need or subjective knowledge of a substantial risk of serious harm. *See Gibbs v. Epps*, No. 1:13CV526-KS-MTP, 2015 WL 4742291, at *3 (S.D.Miss. Aug. 11, 2015) (finding that where the prisoner received substantial care and treatment, neither his disagreement as to the necessity of his diet nor the defendant's medical refusal

to accede to his demands gave rise to a constitutional violation); *Bean v. Mancuso*, No. 10-852-LC, 2011 WL 2746012, at *3 (W.D.La. June 17, 2011) (finding that the prisoner's allegations, at most, stated a disagreement between him and the medical staff regarding what was needed to treat the medical problems he claimed resulted from not being given a proper vegetarian diet and were insufficient to establish a constitutional violation).

Plaintiff fails to state a claim for violation of his Eighth Amendment rights.

### C.   Duplicative Claim

Plaitniff's retaliation claim based on the loss of his trustee status is the subject of a previously-filed pending lawsuit. *See Burleson v. LaSalle Southwest Corrections*, 3:16-CV-2533-K (N.D. Tex.), doc. 20 at 2.  Because the claims in both cases are identical, his retaliation claim in this case is duplicative and should be dismissed.  *See Pittman*, 980 F.2d at 995.

### D.   Claim for Criminal Charges

Plaintiff also seeks to have criminal charges brought against the Defendants for their actions. Section 1983 does not provide a means to criminally prosecute anyone. *Williams v. Davis*, No. 3:09-CV-0296-B, 2009 WL 928318, at *2 (N.D.Tex. Apr.6, 2009) (accepting recommendation of Mag. J.); *King v. Forest*, No. 3:08-CV-1405-L, 2008 WL 4951049, at *2 (N.D.Tex. Nov.14, 2008) (same). A civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D.Tex.2007). Nor is there a constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir.1990). Plaintiff fails to state a cause of action upon which relief may be granted on his request for criminal charges to be brought against the defendants.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his motion for a temporary restraining order should be denied.  This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 19th day of June, 2017.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.